## No. 6121.

### The Southern Bank vs. Louisiana National Bank and the City of New Orleans.

It does not follow, because a party has a right which would support a demand to compel a corporation to apply the proceeds of certain taxes to his and similar claims, that he has technically a privilege on such funds.

APPEAL from the Superior District Court, parish of Orleans.   *Hawkins, J.*

E. Bermudez for plaintiff and appellant :

First—The fund was a " *trust fund,*" which could not be diverted, and should have been applied to the extinction of the coupons which it was intended to satisfy.   Act No. 73 of 1872, p. 128, sec. 17.

Second—It may well be that the bondholders were not the *owners* of the fund, but they certainly had a claim to it and could require its application to them, without any diversion.   2 Woods, 108.

Third—In connection with the matter under consideration, see, also, the following authorities :   Act 1852, No. 71,   sec. 37, page 53 ; act 1869, No. 48, sec. 5, page 45 ; act 1855, No. 178, sec. 2, page 232 ; act 1855, No. 291, page 352 ; R. C. C. 1935, 1938 ; R. C. C. 2800 ; act 1870, No. 7, sec. 17, page 38 ; act 1870, sec. 34, page 44 ; act 1872, No. 73, sec. 17, page 138 ; Board Liquidators vs. Mun'y No. 1, 6 An. 21 ; Mun'y No. 1 vs. Str. Anna, 7 An. 149 ; 1 Dillon on Municipal Corporations, sec. 41 ; Woodruff vs. Fratnall, 10 Howard, 190 ; Curran vs. Arkansas, 15 How. 304 ; Van Hoffman vs. City of Quincy, 4 Wall. 535 ;

Furman vs. Nichol, 8 Wall. 44 ; People vs. Bond, 7 and 10 Cal. 563, 579 ; Brooklyn Park Co. vs. Armstrong, 45 N. Y. 234.

Henry C. Miller for La. National Bank, defendant :

This suit was instituted upon the theory that the Louisiana National Bank was Fiscal Agent of the city of New Orleans, and as Fiscal ·Agent was bound to pay the coupons sued upon, whether or not the bank had on deposit funds of the city. But the Louisiana National Bank proved conclusively that it was not the Fiscal Agent of the city. The judgment is manifestly correct.

---

The opinion of the court was delivered by

SPENCER, J. This case was before this court in January, 1876, and will be found reported in 28 An. 97.

Subsequently to the proceedings therein described, plaintiff filed two supplemental petitions. In the first the claim of ownership and for sequestration was restricted in amount, in the second an alternative demand was made for judgment for amount of the coupons, with recognition of privilege on the funds. This court, as will be seen by the reported case, affirmed the judgment dissolving the sequestration.

On trial of the merits below there was final judgment against the plaintiff, and in favor of defendant on all demands. Plaintiff appeals.

We have not been favored with an oral argument or a brief by the city. Plaintiff abandons its pretensions to judgment against the defendant bank or its directors, as also its claim of ownership of the funds sequestered.

It claims, however, a judgment against the city for the amount of the coupons, and with privilege on the funds aforesaid.

We are unable to see upon what ground plaintiff was denied a judgment against the city for the coupons sued upon. There is no pretense that they are not just debts of the city, now long since due.

There is no doubt that the law required these funds to be applied primarily to the payment of the interest coupons of the consolidated bonds of the city, and secondarily to the bonds issued under act 49 of 1869, coupons of which two classes of bonds constitute those sued upon by plaintiff. We are not prepared to say, however, that plaintiff has a " privilege " on said funds over other holders of similar coupons ; nor, indeed, that it has any "privilege" at all. It doubtless had such right as would have supported a proceeding to compel the city authorities to apply the funds to the purposes specified by law, i. e. to the payment of the coupons in question. But that is not the nature of this proceeding. It is a simple demand for a money judgment, with recognition of a privilege upon the fund. We shall give plaintiff a judgment ·

for the amounts due, reserving to it the right to proceed hereafter to compel the proper officers to apply the funds as provided by law.

It is therefore ordered, adjudged, and decreed that the judgment appealed from is affirmed in so far as relates to the defendants, the Louisiana National Bank and its directors. Also, in so far as it rejects plaintiff's claim of ownership of the funds in question. That in other respects said judgment is avoided and reversed ; and it is now ordered and decreed that plaintiff have and recover of the defendant, the city of New Orleans, the following sums with interest as follows, to wit : For the sum of twenty-three thousand seven hundred and thirty dollars, with legal interest from July 1, 1875, until paid ; also for the sum of fifteen thousand four hundred and twenty dollars, with like interest from first January, 1876 ; also for the sum of four thousand three hundred and seventy-five dollars, with like interest from first March, 1875 ; also for the sum of two thousand eight hundred and seventy-eight dollars, with like interest from first November, 1875, and costs of suit. It is further ordered that plaintiff's right, by proper proceeding, to compel the application of the funds in question to the payment of the sums aforesaid in whole or part, and as provided by law, is specially reserved.